UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YA YUN WU,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>    Defendants. | Case No. 16-cv-03774-MEJ<br><br>**ORDER RE: MOTION ON THE PLEADINGS** |

## INTRODUCTION

Plaintiff Ya Yun Wu ("Plaintiff") requests this Court conduct a de novo hearing and review of her application for naturalization and grant her naturalization application. *See* Am. Compl., Dkt. No. 16. The United States Citizenship and Immigration Services ("USCIS") denies Plaintiff is entitled to naturalization. Both parties have consented to the jurisdiction of the undersigned. *See* Dkt. No. 9 (Pl.'s consent); Dkt. No. 8 (Def.'s consent).

Pending now before the Court is Plaintiff's Motion for Judgment on the Pleadings. *See* Mot., Dkt. No. 20. Defendant filed an Opposition (Dkt. No. 21), and Plaintiff filed a reply (Dkt. No. 22). The undersigned finds this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

Having carefully reviewed the parties' positions, the record in this matter, and relevant legal authority, the Court hereby **DENIES** Plaintiff's Motion for the reasons stated below.

## BACKGROUND

**A.  Plaintiff Immigrates to the United States**

Plaintiff entered the United States on or about March 7, 2002 via a K-1 fiancée visa. Opp'n at 2. On March 11, 2002, Plaintiff married Ken Chen, a United States citizen. *Id.* On August 31, 2004, Plaintiff adjusted her immigration status to that of an alien lawfully admitted for

permanent residence as a result of her marriage to Chen. *Id.* On January 24, 2006, Wu and Chen finalized their divorce, reportedly due a deteriorating marriage caused by miscarriages in 2003 and 2005. IJ Decision at 5-6, Dkt. No. 20-2. Plaintiff subsequently began dating another man and has two children with him, both of whom were born in San Francisco and are United States citizens. *Id.*

On October 2, 2009, Plaintiff filed her application for naturalization, pursuant to Section 316(a) of the Immigration and Naturalization Act ("INA"), with USCIS. Opp'n at 2. On September 29, 2010, USCIS denied Plaintiff's application. USCIS Decision at 2, Dkt. No. 20-3. USCIS found that Plaintiff's marriage to Chen was not bona fide based on extensive evidence, particularly Chen's statements and his mother's statements indicating that the marriage was in fact a sham. *Id.*; IJ Decision at 5-6.

### B. Removal Proceedings

In response to USCIS's finding that Plaintiff had obtained an immigration benefit by evading the United States' immigration laws via the fraudulent marriage, the Department of Homeland Security ("DHS") commenced removal proceedings against Plaintiff in Immigration Court ("IC"). IJ Decision at 1. On November 24, 2010, the DHS sought to remove Plaintiff pursuant to the INA for (1) being a nonimmigrant without a valid nonimmigrant visa, and (2) for having procured a benefit under the INA by fraud or willful misrepresentation of a material fact. USCIS Decision at 2.

On January 22, 2013, following the denial of Plaintiff's original naturalization application and the subsequent IJ ruling, Chen and his family recanted their original statements regarding the legitimacy of the marriage. *Id.* Chen alleged those statements were made under coercive pressure by USCIS officers. *Id.*

The Immigration Judge reviewed the entire record, including statements by Plaintiff, Chen, Chen's mother, and the USCIS immigration officers who conducted the fraud investigation. IJ Decision at 8-10. On August 5, 2013, the IJ found that both sides presented convincing evidence and he was thus unable to affirmatively rule on which side was telling the truth. *Id.* He accordingly ruled that the DHS had not met its burden of proving by clear and convincing

1 evidence that Plaintiff willfully concealed or misrepresented a material fact. *Id.* He terminated
2 the removal proceedings. *Id.*

### C. Procedural Background

On February 7, 2014, Plaintiff submitted a second naturalization application. Opp'n at 3. On January 8, 2016, USCIS again ruled that Plaintiff failed to prove that her marriage to Chen had been bona fide by a preponderance of the evidence, despite the Chen family's recantation of their statements. USCIS Decision at 7.

On July 6, 2016, Plaintiff filed a Petition for de novo Judicial Review of Denial of Naturalization in this Court. Now, Plaintiff moves for a Judgment on the Pleadings.

## LEGAL STANDARDS

### A. Judgment on the Pleadings

"[A] party may move for judgment on the pleadings [a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). In addition to the pleadings, the Court may also consider other documents of undisputed authenticity via the "incorporation by reference" doctrine. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

### B. Collateral Estoppel

Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that has already been ruled upon previously. The principle prohibits "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if it recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Collateral estoppel also applies to administrative agencies, although "suitability may vary according to the specific context of the rights at stake, the power of the agency, and the relative adequacy of agency procedures." *Astoria Federal Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 110 (1991). When the interpretation of a statute is at issue, the question is "not whether administrative estoppel is

wise but whether it is intended by the legislature." *Id.* at 108. Administrative collateral estoppel applies if: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012).

### C. Naturalization

In order to obtain American citizenship via naturalization, an applicant must show she has continuously resided within the U.S. for at least five years after being lawfully admitted for permanent residence, in accordance with all applicable provisions of the INA and by a preponderance of the evidence. 8 U.S.C. § 1427, § 1429. The INA defines "lawfully admitted for permanent residence" as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C. § 1101(a)(20)5. If an alien was not lawfully admitted to the United States, the applicant is deemed ineligible for naturalization. *Fedorenko v. United States*, 449 U.S. 490, 514-515 (1981). "[T]he burden is on the alien applicant to show his eligibility for citizenship in every respect" and "doubts should be resolved in favor of the United States and against the claimant" because the Government has a "strong and legitimate interest in ensuring that only qualified persons are granted citizenship." *Berenyi v. District Director, INS*, 385 U.S. 630, 637 (1966). The Ninth Circuit has interpreted the term "lawfully" to indicate compliance with substantive legal requirements, not mere procedural regularity. *Monet v. INS,* 791 F.2d 752, 753 (9th Cir. 1986).

The INA also specifies that "the findings of the Attorney General in terminating removal proceedings or in canceling the removal of an alien pursuant to the provisions of this [act], shall not be deemed binding in any way upon the Attorney General with respect to the question of whether such person has established his eligibility for naturalization." 8 U.S.C. § 1429. Upon denial, a naturalization applicant may request de novo review in United States district court, in which the court "shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." 8 U.S.C. § 1421(c).

**DISCUSSION**

**A.    The Parties' Arguments**

Plaintiff makes two related arguments to support her contention that USCIS should have approved her naturalization petition. First, Plaintiff argues that the doctrine of collateral estoppel bars the Government from relitigating the lawfulness of her permanent residency status since the IJ previously made a ruling on the merits in the removal proceedings. Second, Plaintiff argues that the denial was unlawful based on Board of Immigration Appeals ("BIA") precedent, *Matter of Umale*, 16 I & N Dec. 682 (BIA 1979).

In response to the first argument, Defendant argues that administrative collateral estoppel does not apply against the Government in deciding naturalization petitions based on congressional intent and statutory language of the INA. Defendant asserts that Plaintiff must demonstrate the substantive lawfulness of her admission along with her status of permanent resident, specifically that she "entered" the United States "lawfully." In the alternative, Defendant argues that Plaintiff cannot satisfy the elements of collateral estoppel. In her Reply, Plaintiff interprets the relevant statutory language by focusing on her unchanged "status" as a lawful permanent resident ("LPR") following the IC removal proceedings.

In response to the second argument, Defendant (1) asserts that Congress has the ultimate authority over naturalization questions, regardless of BIA's administrative decisions; (2) distinguishes *Matter of Umale* from Plaintiff's case by pointing out that the decision concerned visa petitions and not naturalization applications; and (3) argues that *Matter of Umale* does not apply in the naturalization context because applicants are already afforded de novo hearings in district courts via federal statute. In her Reply, Plaintiff argues that the BIA's interpretation of the statutory phrase "lawfully admitted for permanent residence" applies to the naturalization context.

**B.    Analysis**

   1.    <u>Collateral Estoppel Does Not Apply Here</u>

The "question is not whether administrative estoppel is wise but whether it is intended by the legislature." *Astoria*, 501 U.S. at 108. There is no evidence the legislature intended collateral estoppel to apply in the circumstances of this case.

5

1    The IJ terminated removal proceedings against Plaintiff after determining that the proof of
2    marriage fraud provided by the Government was not clear and convincing. However, this
3    determination does not have any effect on whether Plaintiff satisfies the statutory naturalization
4    requirements before USCIS. The INA plainly specifies that termination of an applicant's removal
5    proceedings, and the findings made in that process, are not binding on the USCIS' subsequent
6    determination of naturalization with respect to that individual. *See* 8 U.S.C. § 1429. Congress
7    intended for the naturalization proceedings to be comprehensive evaluations unaffected by
8    previous determinations—of law or fact—made by IJs during removal proceedings. *See, e.g., Deo*
9    *v. Lynch*, 2016 WL 5341257, at *9 (E.D. Cal. Sept. 23, 2016) ("Congress has indicated its intent
10   that the findings made in the cancellation of removal hearing are not binding on the naturalization
11   determination and [collateral estoppel] should not apply in this instance."); *Nesari v. Taylor*, 806
12   F. Supp. 2d 848, 868 (E.D. Va. 2011) (IJ's determination of lawfulness of applicant's K-1 fiancée
13   visa in previous IC removal proceedings did not have any effect on USCIS's evaluation of that
14   petitioner's naturalization application).

15   In addition, collateral estoppel is inapplicable where claims "have a different burden of
16   proof than previously decided claims." *Clark v. Bear Stearns & Co.*, 966 F.2d 522, 531 (9th Cir.
17   1992); *see also* 19 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 4422 (3d
18   ed. 2017) ("Failure of one party to carry the burden of persuasion on an issue should not establish
19   the issue in favor of an adversary who otherwise would have the burden of persuasion on that
20   issue in later litigation."). That is the situation here. For removal, the Government must prove
21   misrepresentation or concealment by clear and convincing evidence. 8 U.S.C. § 1229a(c)(3)(A).
22   In contrast, a naturalization applicant must prove naturalization eligibility by a preponderance of
23   the evidence. 8 C.F.R. § 316.2(b). The Government failed to convince the Immigration Judge by
24   clear and convincing proof that Plaintiff misrepresented or concealed facts about her marriage to
25   Chen. In the subsequent naturalization evaluation, Plaintiff failed to prove her naturalization
26   eligibility by a preponderance of the evidence. To grant naturalization without the petitioner
27   having satisfied that preponderance standard because the Government failed to meet its "clear and
28   convincing" burden in a different proceeding would run afoul of congressional intent. *Id.*

Finally, Plaintiff's focus on her unchanged "status" is too narrow.  Naturalization evaluations require applicants to show eligibility for citizenship in every substantive facet because the Government has a strong and legitimate interest in ensuring that only qualified persons are granted citizenship, and any doubts should be resolved in favor of the United States and against the claimant.  *Berenyi*, 385 U.S. at 637.  A fundamental canon of statutory interpretation requires the interpretation of a term to reflect the meaning of the term in relation to the accompanying language in the statute.  *Maracich v. Spears*, 133 S. Ct. 2191, 2201 (2013).  Satisfaction of the naturalization requirements includes being "lawfully admitted . . . in accordance with all applicable provisions" of the INA.  8 U.S.C. § 1429; *see also U.S. v. Zhong*, 2013 WL 4647418, at *9 (N.D. Cal. Aug. 29, 2013) (naturalization applicant must have been "lawfully admitted to the United States for permanent residence to be eligible for naturalization").  Therefore, while LPR status is relevant to a naturalization petition, so is satisfaction of the rest of the INA requirements, including the explicit standard of proof for naturalization.  Plaintiff must show the substantive lawfulness of her LPR status by a preponderance of the evidence, pursuant to the requirements of the INA.  8 U.S.C. § 1429; 8 C.F.R. § 316.2(b).  Reversing a naturalization denial based on satisfaction of solely one requirement while neglecting the rest would contradict statutory language and congressional intent.

2. *Matter of Umale*

Plaintiff argues *Matter of Umale*, 16 I & N Dec. 682 (BIA 1979), supports her claim that the Government must necessarily secure a favorable ruling through formal IC proceedings before denying a lawful permanent resident's naturalization petition.  In *Matter of Umale*, the Board considered whether the Government erred in denying the applicant's visa petition based on the facts that her LPR status was in question and she had failed to submit additional requested information.  The Board ruled that the petitioner maintained her LPR status until she had been "found deportable according to the procedures specified by law."  *Matter of Umale*, 16 I & N Dec. at 683.  The Board therein established that applicants must receive "procedural safeguards" to prove their case before the Government could strip them of their LPR status and trigger deportation.  *Id.*

7

*Matter of Umale* does not apply here. Individuals whose naturalization applications have been denied have a statutory right to de novo review in federal court. 8 U.S.C. § 1421(c). The judge in *Matter of Umale* opined that until an individual "has been found deportable according to the procedures specified by law, she remains a lawful permanent resident of the United States." *Matter of Umale*, 16 I & N Dec. at 683. The Board's intent was to protect such individuals from deportation until they had the opportunity to present their cases to the proper authority. Naturalization applicants, such as Plaintiff, already have a right to de novo review in United States District Court upon denial. In fact, Plaintiff is currently exercising this right in this Court. As a result, reliance on the *Matter of Umale* decision is misplaced.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's Motion for Judgment on the Pleadings.

The parties shall attend an initial case management conference on March 30, 2017, and submit and updated joint case management conference statement no later than March 23, 2017.

**IT IS SO ORDERED.**

Dated: February 23, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge